UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------------X

ROBERT D. MC NAMARA

                                              Plaintiff,

        -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
SIMON P. GOURDINE, Former Deputy Commissioner, Trials;
MICHAEL D. SARNER, Assistant Deputy Commissioner, Trials;
RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W.
ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau;
MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section;
CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical
Division; JACQUELINE MC CARTHY, Retired Lieutenant,
Counseling Services Unit; DANIEL SWEENEY, Sergeant, Counseling
Services Unit; SUZANNE GIMBLET, Detective, Counseling
Services Unit; CHRISTINE JOANN CARLOZZI, Detective, Counseling
Services Unit; MICHAEL BAHRENBURG, Police Officer, Counseling
Services Unit; SAM WILLIS, Counseling Services Unit; VIVIAN
MURPHY, Counseling Services Unit; JOHN P. CHESNEY, Captain,
Chief of Detective's Investigation Unit, each being sued individually
and in their official capacities as employees of the Police Department
City of New York; LONG ISLAND CENTER FOR RECOVERY INC.
and its agents; JACK HAMILTON, President and Chief Executive Officer,
Long Island Center for Recovery, being sued in his individual and official
capacity as an employee of the Long Island Center for Recovery Inc.

                                              Defendants.

---------------------------------------------------------------------------------------X

05 CV 6025
(SJ)(RML)

Judge Sterling Johnson

Jury Trial Demand

Amended Complaint

        The plaintiff ROBERT D. MC NAMARA, by his attorneys, Jeffrey L. Goldberg, P.C., as

and for his complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;

GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL

MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET;

1

CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LONG ISLAND CENTER FOR RECOVERY INC. and its agents; and JACK HAMILTON, respectfully set forth and allege that:

## INTRODUCTION

1.    This is an action for equitable relief and money damages on behalf of the plaintiff ROBERT D. MC NAMARA, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of his civil and constitutional rights as a result of the defendants' racketeering activities and disability discrimination.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)    the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)    the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)    the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by reason of a violation of section 1962, may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a

2

reasonable attorney's fee;

(d)     Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of a disability and/or individuals regarded as having a disability;

(e)     the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(f)     the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(g)     the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion, freedom of expression, right to privacy etc.

3.     The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.     The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## **PLAINTIFF**

5.     Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of the county of Suffolk and is an employee of the defendant THE

CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      RAYMOND W. KELLY, Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner; SIMON P. GOURDINE, Former Deputy Commissioner, Trials; MICHAEL D. SARNER, Assistant Deputy Commissioner, Trials; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; JACQUELINE MC CARTHY, Retired Lieutenant, Counseling Services Unit; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit; CHRISTINE JOANN CARLOZZI, Detective, Counseling Services Unit; MICHAEL BAHRENBURG, Police Officer, Counseling Services Unit; SAM WILLIS, Counseling Services Unit; VIVIAN MURPHY, Counseling Services Unit; JOHN P. CHESNEY, Captain, Chief of

Detective's Investigation Unit, each being sued individually and in their official capacities as employees of the NYPD.

9. Defendant LONG ISLAND CENTER FOR RECOVERY INC. (hereinafter referred to as the LICR) is a domestic business corporation formed on June 22, 1992, in accordance with the laws of the State of New York that provides inpatient treatment of alcohol and drug additions. Its primary source of business is derived from employers such as defendant CITY.

10. Defendant JACK HAMILTON, President and Chief Executive Officer, being sued individually and in his official capacity as an employee of LICR.

## PROCEDURAL REQUIREMENTS

11 Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

13. On or about September 14, 2005, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14. On or about October 3, 2005, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

15. Plaintiff is a Detective who is currently employed by defendant CITY more specifically the NYPD and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

16. Plaintiff alleges that the earliest actions of disability discrimination commenced

5

on or about March 24, 2004, and continue to this day.

17.    Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly and without legal excuse ceded authority of defendant CITY's Employee Assistance Program relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

18.    Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY has violated his civil rights as well as other similarly situated employees regarded as disabled due to alleged chronic alcohol dependency although there were no changes in their level of job performance.

19.    Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict

6

the release of their personal medical records under the threat of suspension and/or termination. Defendants' CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

20.     Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel.  Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a

7

copy of the Counseling Contract was never provided to them.  Nor were the legal ramifications of the contract explained to them.

21.     Plaintiff alleges that from March 24, 2004, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

22.     Plaintiff alleges that from March 24, 2004, until this day, that he and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendant LICR owned and operated by defendant JACK HAMILTON when defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission.  Plaintiff further alleges that defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as

other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as VITRA, the Red Cross, the New York City Police Foundation, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim. Upon information and belief defendant LICR owned and operated by defendant JACK HAMILTON knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

23.    Plaintiff alleges that from September 2003, until March 2005, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; and DANIEL SWEENEY improperly and without legal excuse allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified alcohol counselor while her certification was lapsed. Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005. During such period, defendant SUZANNE GIMBLET, continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including defendant LICR owned and operated by defendant JACK HAMILTON.

24.    Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section

and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant LICR owned and operated by defendant JACK HAMILTON without medical necessity.  Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as VITRA, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

25.    Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

26.    Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL

SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs.  Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse.  Plaintiff alleges that such referrals were solely for the financial benefit of defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY as well as other members of the Counseling Services Unit; LICR; and JACK HAMILTON.  Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain.  Additionally, as part of defendant JACQUELINE MC CARTHY'S financial kickback, she is now employed by defendant LICR owned and operated by defendant JACK HAMILTON as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1).

27.     Plaintiff alleges that from March 24, 2004, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

28.     Plaintiff alleges that from March 24, 2004, until this day, defendants'

11

RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS and VIVIAN MURPHY as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

29.     On or about March 24, 2004, until this day, plaintiff and similarly situated employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis and Random Home Visits.

30.     Plaintiff alleges that in or around March 24, 2004, he was forced to join defendant LICR owned and operated by defendant JACK HAMILTON under the threat of suspension and/or termination by agents of the Counseling Services Unit.  Plaintiff further alleges that while a resident at defendant LICR, defendant LICR engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as VITRA, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

31.     On or about March 30, 2004, plaintiff wrote the following statement in his

12

Progress Notes while at defendant LICR facility:  "Upon speaking w/ Sgt. Sweeney N.Y.C.P.D

Counseling Unit I was informed that if I fail to release my Patient/Clinic Confidentiality Rights I

would be deemed uncooperative.  This would result in my immediate removal from my

department mandated 28 day Intreatment/ Patient program.  Brought back to Lefrak Medical

Facility in which an order to sign the form would be given by the Chief Medical Surgeon to sign

or face suspension for thirty days.  I would then be brought back after thirty days and given the

same order to sign and if not face numerous thirty day suspensions until releases are signed.  Det.

Susan Gimblet N.Y.C.P.D Clinical Supervisor N.Y.S. License # 60637 stated I have no N.Y.S.

Patient rights and told me numerous times that I could speak w/a supervisor in regards to the

above matter."  This entire conversation and written statement occurred in front of Counselor

Mike Williams an employee of defendant LICR.

32.     On or about September 3, 2004, plaintiff filed a complaint with the Internal

Affairs Bureau (hereinafter referred to as IAB) against defendant DANIEL SWEENEY for

disclosing his private medical information to James Moschella of Karasyk & Moschella LLP,

without his written permission.  Plaintiff alleges that he complained to James Moschlella about

the conduct of defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY and

SUZANNE GIMBLET, as well as the other members of the Counseling Services Unit.  Plaintiff

also expressed his displeasure with James Moschella's law partner Philip Karasyk because he

tried to talk plaintiff out of filing the internal affairs complaint against defendant

JACQUELIUNE MC CARTHY.  Plaintiff alleges that since their law firm had a direct conflict

because they represent both the Detective's Endowment Association and the Lieutenant's

Benevolent Association they should have notified plaintiff so that he could seek other counsel

and not disclose his legal position.

13

33.   On or about November 9, 2004, plaintiff filed a complaint with IAB against defendant JACQUELINE MC CARTHY because he believes that she received a free vacation from defendant LICR and/or JACK HAMILTON for referring lots of business from the Counseling Services Unit.

34.   On or about November 24, 2004, plaintiff complained to defendant MICHAEL P. O'NEILL about the improper acts of defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY and SUZANNE GIMBLET, as well as other members of the Counseling Services Unit and he stated that there was nothing that he could do for the plaintiff.

35.   On or about January 21, 2005, defendant DANIEL SWEENEY called plaintiff from his private cellular telephone and told plaintiff that he has no right to his private medical records and that he had better get a federal court order.  Plaintiff further alleges that defendant DANIEL SWEENEY stated that defendant CITY does not recognize HIPPA.  The plaintiff filed a complaint with IAB against defendant DANIEL SWEENEY for harassment and abuse of authority.

36.   On or about January 26, 2005, plaintiff again requested his patient records from defendant DANIEL SWEENEY and he responded "No!  Take us to court."

37.   On or about February 8, 2005, plaintiff sent a letter to defendants' RAYMOND W. KELLY and RAFAEL PINEIRO to complain about the treatment he is receiving from the Counseling Services Unit in particular, defendants' DANIEL SWEENEY and SUZANNE GIMBLET.  Plaintiff complained that he was improperly and without legal excuse being forced to attend the Twelve Steps Religious Based Alcoholics Anonymous Program that make references to God.  To this date, defendants' RAYMOND W. KELLY; RAFAEL PINEIRO GEORGE W. ANDERSON; and MICHAEL P. O'NEILL have not done anything to protect the

14

plaintiff's employment and/or civil rights.

38.    On or about February 9, 2005, plaintiff was ordered to meet with defendants' DANIEL SWEENEY and SUZANNE GIMBLET.  During this meeting, plaintiff expressed reservations to the defendants' about being forced to continue with alcohol counseling because he does not suffer from chronic alcohol dependency.  Additionally, plaintiff expressed his reservations about being forced to continue with a treatment plan based on the Twelve Steps Religious Based Principles of the Alcoholic Anonymous Program.  Defendants' informed plaintiff that if he did not continue with the program and find a group sponsor, that he would be suspended and/or terminated for failing to follow a lawful order and for violating the Counseling Contract.  When the plaintiff again expressed his reservations, plaintiff was ordered to report to the Medical Division to see Deputy Inspector Holloran.  Upon plaintiff's arrival, he again expressed his reservations about being forced to continue with alcohol counseling as well as the Twelve Steps Religious Based Alcoholics Anonymous Program.  Deputy Inspector Holloran explained to the plaintiff that, he did not understand why the plaintiff was sent to him as defendants' DANIEL SWEENEY and/or SUZANNE GIMBLET nor the Counseling Services Unit are not under his direct command.  After Deputy Inspector Holloran expressed his displeasure with dealing with this matter he told plaintiff that it is nothing personal and suspended plaintiff for failing to comply with the orders of the Counseling Services Unit. Plaintiff later found out that Deputy Inspector Holloran suspended him on the authority of defendant GEORGE W. ANDERSON.

39.    On or about February 10, 2005, Deputy Inspector Holloran proffered charges and specifications against the plaintiff with the following language: Said Detective Robert McNamara, assigned to Warrant Section, while on-duty, on February 9, 2005, while at Medical

15

Division, Queens County, having been directed by New York City Police Deputy Inspector Kevin Holloran to comply with the directives of the Counseling unit, did fail and neglect to comply with said order. Upon information and belief, defendant GEORGE A. GRASSO or his agent authorized the filing of said charges.

40.    On about February 11, 2005, plaintiff sent a letter to defendants' RAYMOND W. KELLY and GEORGE A. GRASSO to complain about the treatment he was receiving from the Counseling Services Unit in particular, defendants' DANIEL SWEENEY and SUZANNE GIMBLET. Plaintiff complained that he was improperly and without legal excuse suspended for refusing to be forced into attend the Twelve Steps Religious Based Alcoholics Anonymous Program that make references to God.

41.    On or about February 14, 2005, defendant JOHN P. CHESNEY, proffered charges and specifications against the plaintiff for allegedly failing to safeguard his Glock 9MM and Colt .380 on or about March 24, 2004. Plaintiff alleges that these charges are in direct retaliation for challenging the pattern and practices of defendants' DANIEL SWEENEY and SUZANNE GIMBLET, as well as the Counseling Services Unit. Plaintiff further alleges that any such alleged failure to safeguard violations were supposed to be adjudicated by his commanding officer as a "Warned and Admonished" only without any formal charges or penalty. Upon information and belief, defendant GEORGE A. GRASSO authorized the filing of said charges.

42.    On or about February 21, 2005, plaintiff received a letter from Deputy Commissioner Neldra M. Zeigler informing him that she will cede her legal authority to the Deputy Commissioner of Trials to resolve his discrimination and constitutional claims.

43.    On or about March 9, 2005, plaintiff was relieved from suspension and placed on

16

Restricted Duty. .

44.     On or about August 2, 2005, plaintiff's charges and specifications were adjudicated before defendant MICHAEL D. SARNER. During the administrative hearing, plaintiff raised several issues relating to disability discrimination, violations of his civil rights and retaliation.

45.     In or around August 2005, after the administrative hearing, plaintiff made allegations to IAB that defendant SUZANNE GIMBLET purposely lied during his administrative hearing intentionally misleading defendant MICHAEL D. SARNER that she did not authorize plaintiff's referral to defendant LICR when in fact she did do so while her CASAC certification was expired.

46.     In or around October 2005, defendant MICHAEL D. SARNER recommended that plaintiff be found guilty of all charges based on the false testimony of defendant SUZANNE GIMBLET and without addressing the disability discrimination and constitutional issues raised by the plaintiff.

47.     On or about October 15, 2005, plaintiff sent a Fogel Response letter to defendant RAYMOND W. KELLY through defendant SIMON P. GOURDINE, that defendant MICHAEL D. SARNER's recommendations did not address the disability discrimination and constitutional issues that were raised during the administrative trial regarding forced treatment. Plaintiff requested that defendant RAYMOND W. KELLY review the entire record using a Strict Scrutiny Standard and enter a finding of Not Guilty of all charges.

48.     On or about November 10, 2005, defendant RAYMOND W. KELLY adopted defendant MICHAEL D. SARNER's findings and imposed a penalty of thirty days with time served while on suspension for failure to comply with the orders of the Counseling Services Unit

17

and further imposing a penalty of fifteen days for failure to secure his firearms.

49.     In or around 2005, Detective Bruce May formerly assigned to the Counseling Services Unit informed plaintiff that AA is not a treatment program and that during the period of defendant SUZANNE GIMBLET's CASAC certification lapse, she continued to act as a CASAC Case Manager and certified counselor including sending the plaintiff as well as other similarly situated employees away to various alcohol treatment programs.

50.     In or around 2005, Police Officer Lukowski formerly assigned to the Counseling Services Unit informed plaintiff that defendants' DANIEL SWEENEY and SUZANNE GIMBLET would force her to re-chart clients to achieve the proper numbers so that they can send employees away to facilities such as defendant LICR.

51.     Based on the foregoing, plaintiff feels that he was and is being improperly and illegally discriminated against and his constitutional rights violated by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LICR and JACK HAMILTON.

## <u>VIOLATIONS AND CLAIMS ALLEGED</u>

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

52.     Plaintiff re-alleges paragraphs1 through 51 and incorporates them by reference as paragraphs 1 through 51 of Count I of this Complaint.

53.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

54.    As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON have conspired to violate 18 U.S.C. § 1962(c).

55.    As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against their will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

56.    Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

**COUNT II**
**RACKEETEERING ACTIVITY**
**IN VIOLATION OF**
**THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT**

57.    Plaintiff re-alleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count II of this Complaint.

58.    This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

59.    As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR

and JACK HAMILTON have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

60.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against their will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants' conduct.

61.     Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

**COUNT III**
**INJUNCTIVE AND DECLARATORY RELIEF UNDER THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

62.     Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as paragraphs 1 through 61 of Count III of this Complaint.

63.     This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

64.     As set forth in plaintiff's Count I and II and in this Amended Complaint, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON have violated 18 U.S.C. §§ 1962(c) and (d) on a

20

continuing basis and unless enjoined, will continue to do so in the future.

65.    As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

66.    Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
## AIDING AND ABETTING
## BREACH OF FIDICUARY DUTY

67.    Plaintiff re-alleges paragraphs 1 through 66 and incorporates them by reference as paragraphs 1 through 66 of Count IV of this Complaint.

68.    As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LICR and JACK HAMILTON.

69.    Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LICR and JACK HAMILTON breached this duty by

acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

70. Defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

71. Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ's participation in defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON's breach.

72. Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

73. Plaintiff re-alleges paragraphs 1 through 72 and incorporates them by reference as paragraphs 1 through 72 of Count V of this Complaint.

74. Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; LICR and JACK HAMILTON have benefited from their unlawful acts of fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across

22

states lines from insurance carriers, self insurers and not for profit organizations. These payments have been received by the defendants' at the plaintiff's expense, under circumstances where it would be inequitable for the defendants' to be permitted to retain the benefit.

## COUNT VI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

75.    Plaintiff re-alleges paragraphs 1 through 74 and incorporates them by reference as paragraphs 1 through 74 of Count VI of this Complaint.

76.    At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcoholism.

77.    Defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

78.    Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT VII
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

79.    Plaintiff re-alleges paragraphs 1 through 78 and incorporates them by reference as paragraphs 1 through 78 of Count VII of this Complaint.

80.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY engaged in various retaliatory actions against him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

81.    That as a result of the illegal retaliatory acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

**COUNT VIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

82.    Plaintiff re-alleges paragraphs 1 through 81 and incorporates them by reference as paragraphs 1 through 81 of Count VIII of this Complaint.

83.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY engaged in various severe and hostile actions towards him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

84.    That as a result of the severe and hostile acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

85.    Plaintiff re-alleges paragraphs 1 through 84 and incorporates them by reference as paragraphs 1 through 84 of Count IX of this Complaint.

86.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON;

25

MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

87.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

88.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P.

26

GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; and JOHN P. CHESNEY in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

89.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

90.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about March 24, 2004, until present.

91.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT X**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

92.    Plaintiff re-alleges paragraphs 1 through 91 and incorporates them by reference as paragraphs 1 through 91 of Count X of this Complaint.

93.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P.

27

GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

94.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

28

95.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; and JOHN P. CHESNEY in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

96.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

97.     Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about March 24, 2004, until present.

98.     As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

99.     Plaintiff re-alleges paragraphs 1 through 98 and incorporates them by reference as paragraphs 1 through 98 of Count XI of this Complaint.

29

100.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

101.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property

without due process of law, all in violation of 42 U.S.C. § 1983.

102.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; and JOHN P. CHESNEY in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

103.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

104.   Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about March 24, 2004, until present.

105.   As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XII**
**FALSE IMPRISONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

106   Plaintiff re-alleges paragraphs 1 through 105 and incorporates them by reference as

paragraphs 1 through 105 of Count XII of this Complaint.

107.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

108.   That by the improper and illegal confinement of plaintiff at defendant LICR owned and operated by defendant JACK HAMILTON under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his

rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from depravation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

109.    That by the improper and illegal confinement of plaintiff at defendant LICR owned and operated by defendant JACK HAMILTON acting in collusion with defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

110.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LICR and JACK HAMILTON in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of

33

the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and from deprivation of life, liberty, and property without due process of law.

111.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

112.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT XIII
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

113.    Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference as paragraphs 1 through 112 of Count XIII of this Complaint.

114.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LICR and JACK HAMILTON acting individually and in their official capacities as supervisory and/or administrative officials of the CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

34

115.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

116.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; JOHN P. CHESNEY; LICR and JACK HAMILTON acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

117.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

**COUNT XIV**
**FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM**
**IN VIOLATION OF THE ESTABLISHMENT CLAUSE**
**OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

118.    Plaintiff re-alleges paragraphs 1 through 117 and incorporates them by reference as paragraphs 1 through 117 of Count XIV of this Complaint.

119.    The First Amendment of the Bill of Rights of the United States Constitution

35

makes it unlawful to prohibit the freedom of expression.

120.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; VIVIAN MURPHY; and JOHN P. CHESNEY violated his right to freedom of expression.

121.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; and VIVIAN MURPHY though the Counseling Services Unit improperly and without legal excuse forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

122.    Plaintiff alleges that when he objected to such coercive activities by defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; SIMON P. GOURDINE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; and VIVIAN MURPHY he was subsequently suspended, administratively charged with misconduct and convicted for disobeying defendants' alleged lawful order.

123.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XV
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

124.    Plaintiff re-alleges paragraphs 1 through 123 and incorporates them by reference as paragraphs 1 through 123 of Count XV of this Complaint.

125.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

126.    Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference as paragraphs 1 through 125 of Count XVI of this Complaint.

127.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

128.    Plaintiff re-alleges paragraphs 1 through 127 and incorporates them by reference as paragraphs 1 through 127 of Count XVII of this Complaint.

129.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated. The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

130.    Plaintiff re-alleges paragraphs 1 through 126 and incorporates them by reference as paragraphs 1 through 126 of Count XVIII of this Complaint.

131.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XIX
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

132.    Plaintiff re-alleges paragraphs 1 through 131 and incorporates them by reference as paragraphs 1 through 131 of Count XIX of this Complaint.

133.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

134.    Plaintiff re-alleges paragraphs 1 through 133 and incorporates them by reference as paragraphs 1 through 133 of Count XX of this Complaint.

135.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age.  The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XXI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

136.    Plaintiff re-alleges paragraphs 1 through 135 and incorporates them by reference as paragraphs 1 through 135 of Count XXI of this Complaint.

137.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force.  However, such punishment cannot be for impermissible reasons such as disability discrimination.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

138.    Plaintiff re-alleges paragraphs 1 through 137 and incorporates them by reference as paragraphs 1 through 137 of Count XXII of this Complaint.

39

139.     New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as retaliation. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

**COUNT XXIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 14-115**

140.     Plaintiff re-alleges paragraphs 1 through 139 and incorporates them by reference as paragraphs 1 through 139 of Count XXIII of this Complaint.

141.     New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

**JURY TRIAL**

142.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants' jointly and severally, in an amount to be determined at trial, plus any and all

available statutory remedies, both legal and equitable, and interests and costs.

Dated:        Lake Success, N.Y.
              March 11, 2006

                                    Respectfully submitted,

                                    By: _____
                                        Eric Sanders (ES0224)

                                    Jeffrey L. Goldberg, P.C.
                                    Attorneys for Plaintiff
                                    2001 Marcus Avenue, Suite S10
                                    Lake Success, NY 11042
                                    516-775-9400